﻿Citation Nr: AXXXXXXXX
Decision Date: 12/18/18 Archive Date: 12/17/18

DOCKET NO. 181010-751
DATE: December 18, 2018
ORDER
A temporary total rating under 38 C.F.R. § 4.29 is denied.
A rating in excess of 50 percent for migraine headaches is denied.

REMANDED ISSUES
A compensable rating for traumatic brain injury (TBI) is remanded.
A total disability rating based on individual unemployability (TDIU) is remanded.
FINDINGS OF FACT
1. The Veteran has not been hospitalized in-patient for at least 21 days for a service-connected disability and memory impairment was not related to service-connected TBI.
2. The Veteran is in receipt of the maximum schedular rating for migraine headaches, which fully contemplate his symptoms.
CONCLUSIONS OF LAW
1. The criteria for a temporary total rating for hospital treatment or observation have not been met. 38 U.S.C. § 1155; 38 C.F.R. § 4.29.
2. The criteria for a rating in excess of 50 percent for migraine headaches have not been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.321, 4.124a Diagnostic Code (DC) 8100.
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty from January 1984 to January 1988 and from December 1988 to April 1993.
The case is on appeal from a September 2018 rating decision.
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. 
In October 2018, the Veteran opted for direct review by the Board in a RAMP appeal. This is the appeal lane to the Board where the evidence of record at the time of the prior decision is reviewed, and there is no evidence submission or a hearing request.
Despite selecting this appeal lane, evidence was submitted in October 2018, which was during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. See Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, § 2(w)(1), 131 Stat. 1105, 1114 (2017). The Veteran may file a Supplemental Claim and submit or identify this evidence. See § 2(i)(1), 131 Stat. at 1109. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.
The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008).
1. A temporary total rating under 38 C.F.R. § 4.29.
A temporary total disability rating will be assigned when it is established that one or more service-connected disabilities has required hospital treatment in a VA or an approved hospital for a period in excess of 21 days or hospital observation at VA expense for a service-connected disability for a period in excess of 21 days. 38 C.F.R. § 4.29.
Notwithstanding that the hospital admission was for a disability not connected with service, if during such hospitalization, hospital treatment for a service-connected disability is instituted and continued for a period in excess of 21 days, the increase to a total rating will be granted from the first day of such treatment. Likewise, if service connection for a disability requiring hospitalization is granted during a hospitalization in excess of 21 days, a temporary total disability rating is warranted. 38 C.F.R. § 4.29(b). 
The Veteran has been hospitalized for pancreatitis related to ongoing substance abuse for which he was hospitalized and treated for several periods during 2016 and 2017. Specifically, the Veteran has stated that his treatment was for TBI, for which he is service connected. The Veteran has identified dates of hospitalization to include May 16-July 15, 2016 and July 17-September 16, 2016.
A review of the record reveals that these hospitalizations were for substance abuse treatment. Neuropsychological testing was conducted on June 20, 2016; however, the results of the test indicated insufficient effort. In the portions of the test that could be interpreted, intellectual functioning was revealed to be borderline to low average. While placement for TBI treatment was sought, he was not placed. Further, doctors stated that a number of events may have caused diminished functioning, including TBI during service or 30 years of alcohol dependence. There was also an indication of malingering.
In September 2016, the Veteran was afforded a VA examination of his TBI. The examiner opined that mild neurocognitive disorder was less likely than not related to TBI. Rather, the cognitive impairment was related to the abuse of alcohol and other substances. In support, the examiner cited to service treatment record showing that after the in-service TBI, the Veteran was recovering well and showing no signs of cognitive dysfunction.
Therefore, although there were periods of sufficient length of inpatient treatment, and notations of TBI throughout the Veteran’s hospital records, a temporary total rating under 38 C.F.R. § 4.29(b) is not warranted. The symptoms described by treatment providers, specifically impaired cognition, were said to be unrelated to any TBI that occurred during service. Thus, the Veteran was not treated during his hospitalization for service-related TBI symptoms. As the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine is not applicable. Therefore, a temporary total rating under 38 C.F.R. § 4.29 is not warranted.
2. A rating in excess of 50 percent for migraine headaches.
Ratings are based on a schedule of reductions in earning capacity from specific injuries or combination of injuries. The ratings shall be based, as far as practicable, upon the average impairments of earning capacity resulting from such injuries in civil occupations. 38 U.S.C. § 1155. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability. 38 C.F.R. § 4.1.
Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. When after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability such doubt will be resolved in favor of the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3.
The Veteran seeks a rating in excess of 50 percent for her migraine headaches, which has been evaluated under DC 8100 for migraines. Under DC 8100, a 50 percent rating is assigned for migraine headaches with very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability. A 30 percent rating is provided for migraine headaches with characteristic prostrating attacks occurring on an average once per month over last several months. A 10 percent rating is provided for migraine headaches with characteristic prostrating attacks averaging one in 2 months over last several months. A noncompensable (zero percent) rating is warranted for less frequent attacks. 38 C.F.R. § 4.124, DC 8100.
The Veteran is already in receipt of the maximum schedular rating (50 percent) for his migraine headaches. Thus, a higher schedular rating for migraine headaches is not warranted.
An extraschedular disability rating is warranted if the case presents such an exceptional or unusual disability picture with such related factors as marked interference with the Veteran’s employment or frequent periods of hospitalization that application of the regular schedular standards would be impracticable. See 38 C.F.R. § 3.321(b)(1); see also Thun v. Peake, 22 Vet. App. 111, 115-16 (2008).
In both an earlier October 2016 notice of disagreement, and in the October 2018 RAMP selection submission, the Veteran’s attorney representative expressly raised the issue of extraschedular consideration for the Veteran’s service-connected migraine headaches. However, no specific contention was made as to what symptoms arise from the migraine headaches that are not contemplated by the rating criteria or otherwise what rating is being sought. 
In September 2016, the Veteran was afforded a VA examination of his migraines. The Veteran experiences continuous pain 2-3/10. Flare-ups of headaches occur 2-3 times per month with pain of 10/10. This lasts about one week. Pain was described as pulsating, localized to both sides of the head, which worsens with physical activity. The Veteran also experiences nausea, vomiting, sensitivity to light, sensitivity to sound, changes in vision (described as blurry light, flashes, and firecrackers). The Veteran takes Imitrex to relieve these symptoms. 
These symptoms were said to be productive of severe economic inadaptability. The examiner stated that the Veteran would need a flexible work schedule to accommodate times when he has severe headache pain preventing participation in everyday activities. These symptoms are precisely those contemplated by the 50 percent rating criteria under DC 8100. The Veteran has prostrating migraines which encompass symptoms such as nausea, vomiting, sensitivity to light, and sensitivity to sound. The functional impacts listed, including worsening with physical activity are encompassed by the phrase productive of severe economic inadaptability. Because the rating assigned contemplates the Veteran’s symptoms or the effects therefrom, referral for extraschedular consideration is not warranted.
 
REASONS FOR REMAND
The issues below are remanded for duty to assist errors that occurred prior to the issuance of the September 2018 rating decision on appeal.
1. A compensable rating for TBI.
The Veteran claims that he is entitled to a compensable rating for his TBI. He was afforded a VA examination in September 2016. The examination report discusses in detail his cognitive impairment and why cognitive impairment is related to alcohol and substance abuse rather than residuals of a TBI. 
However, in July 2016, during the Veteran’s hospitalization treatment, a social worker stated that, in the opinion of the treatment team, he had little control over his behavior or maintain appropriate interpersonal behaviors. Specifically, the Veteran was warned repeatedly about his behavior and given a behavioral contract. Further, during his treatment, he presented to therapy and other appointments with tremors. The Veteran noted that tremors are a chronic issue.
Therefore, the Board finds that a VA examination is warranted to determine whether the Veteran’s behavior and tremors are related to his TBI and, if related to TBI, the level of impairment.
2. A TDIU.
The September 2018 rating decision did not include consideration of a TDIU. An informal conference was held in September 2018 wherein the Veteran’s representative expressly raised the issue of entitlement to a TDIU on an extraschedular basis. This was also raised earlier in an October 2016 notice of disagreement. No separate claim is needed as the TDIU issue is part and parcel of the TBI and migraine headaches rating claims. See Rice v. Shinseki, 22 Vet. App. 447 (2009).
Thus, the Board finds that a remand is warranted for the RO to consider the TDIU issue. This should include sending the Veteran a standard TDIU application form to provide his education and work history.
The matter is REMANDED for the following action:
1. In considering entitlement to a TDIU, send the Veteran a standard VA Form 21-8940 TDIU application and ask him to complete and return it.
2. Schedule the Veteran for a VA examination to assess the severity of his service-connected TBI.
This should include on opinion as to whether the Veteran’s behavior and tremors noted in VA records of his June and July 2016 hospitalization are related to his service-connected TBI or attributable to another diagnosis, such as alcohol abuse disorder or other substance abuse disorder. If related to TBI, the level of impairment from these symptoms should be provided.
(Continued on the next page)
 
A complete rationale should be provided for any opinion rendered.
 
RYAN T. KESSEL
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD J. George